[In Bank.— March 23, 1883.]

PEOPLE EX REL. JOSEPH FLINT, APPELLANT, v. C. C. HARRINGTON, RESPONDENT.

BOARD OF PUBLIC OFFICERS—MAJORITY OF QUORUM MAY ACT.— The majority of a quorum of a board of supervisors, a quorum being present, can perform any act which a majority of the board could perform if all were present.

OFFICE—REMOVAL—VACANCY—PRACTICING PHYSICIAN YUBA COUNTY HOSPITAL.— The office of "practicing physician of the Yuba County Hospital" is a county office, and a vacancy therein cannot be filled by the board of supervisors except upon petition signed by at least thirty qualified electors.

APPEAL from a judgment of the Superior Court of Yuba County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*A. L. Hart,* Attorney-General, and *J. H. Craddock,* for Appellant.

The case shows that only *two* of the *five* members composing the board of supervisors concurred in the order of removal. This was clearly insufficient. That a minority of a board of supervisors, even though such minority be a majority of a quorum, can under any circumstances enact a valid order is a proposition, the public importance of which outreaches the necessities of the case at bar. Even in its broadest aspect it is believed to be not only without the support of legal principle, but in contravention of the positive requirements of section 15 of the Code of Civil Procedure of this State. "Words giving a joint authority to three or more public officers or other persons are construed as giving such authority to a majority of them, unless it is otherwise expressed in the act giving the authority." Here the authority is given to the board of supervisors, consisting of five members, without provision in the act giving such authority that any number less than the whole may exercise the authority given, and it is submitted that language will have lost its most useful function when the words, "construed as giving authority to a *majority of them*," are held, as was done by the trial court, to mean a *minority of them*, when such minority constitute a majority of a quorum.

The board was exercising judicial functions. Judge Redfield on this subject observes: "The proper distinction upon the subject seems to be that when the matter is of public concern, or of an executive or ministerial character, the act of a majority of the board will suffice, although the others are not consulted. But where the function is judicial, involving the determination of some definite question, the whole body must be assembled and act together." (1 Redf. on Rail, p. 84, § 6; *Moore* v. *Ewing,* 1 Coxe, 144, and cases cited; *King* v. *Wykes,* Andrew, 239; *Billings* v. *Prinn & Delabere,* 2 Black, 1017; *People* v. *Coghill,* 47 Cal. 361; *Downing* v. *Rugar,* 21 Wend. 178; *Lee* v. *Parry,* 4 Denio, 125; *Keeler* v. *Frost,* 22 Barb. 400; *Horton* v. *Garrison,* 23 Barb. 176; *Stewart* v. *Wallis,* 30 Barb. 344; *Crocker* v. *Crane,* 21 Wend. 211; *Talcott* v. *Blanding,* 54 Cal. 290.)

The appointment of the respondent was invalid because unauthorized by law. The reasoning of the trial court, which deduces the power to fill a vacancy from the power to appoint for a full term because the latter is the greater, is a clear

instance of *non sequitur.* True, where there is no *term* fixed by law, the power of removal being incidental to the power of appointment, they may both be exercised at any time. There being no term, there can be no vacancy of the term to be filled. But when the term is fixed by law, and the mode and manner of filling it are prescribed, the mode and manner are the measure of the exercise of the power, and must be followed. Filling a vacancy is a distinct and separate function, in no way deducible from the former, but the subject-matter of distinct statutory provision, and most frequently exercised by a different tribunal. This power, if it existed in the board at all in the case at bar, existed by virtue of the provisions of subdivision 19 of section 4046 of the Political Code, enumerating the general permanent powers of the board. And the manner of its exercise is prescribed by section 4066.

*B. W. Howser, W. G. Murphy,* and *E. A. Davis,* for Respondent.

SHARPSTEIN, J.—At the time of the alleged removal of the relator from the office of "practicing physician of the Yuba County Hospital," the board of supervisors of that county consisted of five members, two of whom had been prohibited by an order of the Superior Court from participating in the proceedings, which it is claimed on behalf of respondent resulted in the removal of the relator from said office.

The three members of said board who had not been prohibited from proceeding in said matter heard evidence upon the charges laid before said board against the relator, and finally, by a vote of two to one, declared said office vacant.

Appellant's counsel insist that even if said board had the power to declare said office vacant, a majority of a bare quorum of said board had no such power. But Dillon, in his work on "Municipal Corporations," says that if a board of village trustees consists of five members, and "three only were present, they would constitute a quorum," and "the votes of two, being a majority of the quorum, would be valid; certainly so where the three are all competent to act." (1 Dillon on Corporations, 3d ed., 279 )

In *Buell* v. *Buckingham*, 16 Iowa, 284, Dillon, J., said:—

"Three constituted a quorum. So far all is clear. Advancing in the argument, the first proposition I lay down is, that a majority of the quorum, all being present, have the power to act, and to decide any question upon which they can act. This proposition is clear upon the authorities. Thus in *Rex* v. *Monday*, Cowp. 538, Lord Mansfield, C. J., says: ' When the assembly are duly met, I take it to be clear law that the corporate act may be done by a *majority* of those who have once regularly constituted the meeting.' To the same effect, 2 Kent's Com. 293: 'A majority of the quorum may decide.' (A. & A. on Corp. § 501; *Cahill* v. *Kalamazoo Insurance Co.* 2 Doug. (Mich.) 124; *Sargent* v. *Webster*, 13 Met. 497; *In re Insurance Co.* 22 Wend. 591; *Ex parte Wilcocks*, 7 Cowen, 402; *Ex parte Wilcocks*, 7 Cowen, 527, note *a.*)"

We are not aware of any case in which the contrary has been held, and must regard the law as well settled that in a case like this the action of a quorum is the action of the board, and that a majority of the quorum present could do any act which a majority of the board if present might do.

We are therefore of the opinion that by the removal of the relator from the office a vacancy was created in it which the board of supervisors was authorized to fill in the manner prescribed in sections 4046 and 4066 of the Political Code, and not otherwise. The former section confers upon the board the power " to fill by appointment all vacancies that may occur in county or township offices, except those of county judge and supervisors"; and the latter provides that " no appointment to fill a vacancy in office must be made by the board except upon petition, signed by at least thirty qualified electors of the county, if for a county office." The law which authorizes the appointment of a practicing physician for said Yuba County Hospital fixes the term for which he shall he appointed, provides for his salary, and prescribes his duties. That, certainly, is sufficient to create an office, which Bouvier defines to be " a right to exercise a public function or employment, and to take the fees and emoluments belonging to it." And if an office, it is undoubtedly a county office.

As the sections of the Political Code to which we referred

provide how all vacancies in county offices, with two exceptions, must be filled, and as this office is not within the exceptions, we think, in the absence of any provision in the statute which creates this office for filling a vacancy in it, that it cannot be filled "except upon petition signed by at least thirty qualified electors."

Ordered, that so much of the judgment appealed from as adjudges "that the plaintiffs take nothing in this action," and " that the defendant C. C. Harrington is not a usurper of said office of practicing physician of the Yuba County Hospital, that he is entitled to the same," and that he recover costs herein, is reversed; and that so much of said judgment as adjudges " that said Joseph Flint is not entitled to said office of practicing physician of the Yuba County Hospital " is affirmed.

Thornton, J., McKinstry, J., Ross, J., and McKee, J., concurred.