[No. 9,202.  In Bank.—May 28, 1884.]

THE PEOPLE, RESPONDENT, v. WILLIAM FERGUSON, APPELLANT.

TAXATION—LICENSE TAX—CONSTITUTIONAL LAW—POWERS OF BOARD OF SUPER-
VISORS.—The power conferred upon the boards of supervisors of the several
counties of the State, by the act entitled "an act to establish a uniform sys-
tem of county and township governments," approved March 14, 1883, to impose
a license tax and to provide for its collection, includes the power to create the
office of license tax collector and appoint a suitable person to perform the duties.
The exercise of such power is not in conflict with section 5 of article xi. of the
Constitution.

APPEAL from judgments of the Superior Court of Los Angeles County.

The facts are stated in the dissenting opinion of MR. JUSTICE McKEE.

*John F. Godfrey*, for Appellant.

*Stephen M. White*, for Respondent.

The COURT.—Section 12 of article xi. of the Constitution provides: "The legislature shall have no power to impose taxes upon counties, cities, towns, or other public or municipal corporations, or upon the inhabitants or property thereof, for county, city, town, or other municipal purposes, but may, by general laws, vest in the corporate authorities thereof the power to assess and collect taxes for such purposes." By an act entitled "an act to establish a uniform system of county and township governments," approved March 14, 1883 (Stats. 1883, p. 299), the legislature empowered the board of supervisors of the several counties "to license, for purposes of regulation and revenue, all and every kind of business not prohibited by law, and transacted and carried on in such county, and all shows, exhibitions, and lawful games carried on therein; to fix the rates of license tax upon the same, and to provide for the collection of the same by suit or otherwise."

The general power thus conferred on the board to collect includes the power to appoint an agent to do so. This view does not, we think, at all conflict wtih section 5 of article xi. of the Constitution.

Judgments affirmed.

McKINSTRY, J., dissented.

McKEE, J., dissenting.—I dissent.

This is an action to compel payment of a license tax for carrying on, within the county of Los Angeles, the business of keeping a livery stable.

The tax was imposed by an ordinance passed by the board of supervisors of the county of Los Angeles, under the provisions of an act of the legislature entitled "an act to establish a uniform system of county and township governments," approved March 14, 1883. (Stats. 1883, p. 299.) After fixing the license tax, the ordinance provided how licenses therefor were to be issued, and from whom obtained, by the following provisions, viz. :—

"Section 39. The county auditor must prepare and have printed blank licenses, in accordance with the provisions of this ordinance, with a blank receipt attached, for the signature of the license tax collector when sold.

"Section 40. The county auditor must affix his official seal to, number, and sign all licenses, and from time to time deliver them to the license tax collector in such quantity as may be required, taking his receipt therefor, and charge him therewith, giving in the entry the number, classes, and amount thereof."

From the "license tax collector" the tax payers were to procure licenses. There was, however, no such office or officer in Los Angeles County then known to the law. But the ordinance provided as follows:—

"Section 47. In order to facilitate the collection of said license tax, and to better enforce payment thereof, the board of supervisors of the said county shall, upon the adoption of this ordinance, appoint a suitable person license tax collector of the said county, to hold office during the pleasure of said board, and such license tax collector shall perform the duties herein imposed upon the license tax collector, and shall collect, as far as practicable, all license tax moneys which may become due under the provisions of this ordinance, and shall personally demand payment thereof from all persons owing such license tax who may

neglect to make prompt payment of the same, and, as full compensation for all services performed by said license tax collector, he shall receive ten (10) per cent of all moneys collected and duly accounted for by him under this ordinance."

After the enactment of the ordinance, and pursuant to its provisions, the board of supervisors did appoint one A. W. Ryan, a suitable person, "license tax collector," who qualified and has acted as such officer in said county.

A license tax collector for a county is a county officer; the person acting as such is therefore a county officer of Los Angeles County; and the question with which we are confronted at the threshold of the case is, whether the board of supervisors had power by ordinance to create such an office and to fill it by their own appointment.

The power is claimed under the provisions of the County Government Act. By that statute the legislature, in exercising the power conferred upon it by section 12, article xi., of the Constitution of the State, to vest in the corporate authorities of the several counties of the State power to assess and collect taxes, for county purposes, upon the inhabitants or property of the counties, did vest the boards of supervisors of counties with power "to license, for purposes of regulation and revenue, every kind of business not prohibited by law; and to provide for the collection of the same by suit or otherwise." (§ 27.)

It may be conceded that the power to provide for the collection of taxes for county purposes would include the power to provide for creating an office, and for the election or appointment of an officer to enforce collection of such taxes, if there was nothing in the Constitution of the State to prevent the inclusion of such a power in the general power. But section 5, article xi., of the Constitution provides that "the legislature by general and uniform laws shall provide for the election or appointment in the several counties of boards of. supervisors, sheriffs, county clerks, district attorneys, and such other county, township, and municipal officers as public convenience may require; and shall prescribe their duties and fix their terms of office. It shall regulate the compensation of all such officers in proportion to duties, and for this purpose may classify the counties by population." And by section 25, article iv., the

legislature is prohibited from "passing any local or special laws creating offices, or prescribing the powers or duties of officers in counties, or affecting the fees or salary of any officer."

From these provisions of the Constitution it follows that the legislature alone has the power to provide for the election or appointment of county or township officers, to prescribe their duties, fix their terms of office, and regulate their compensation; and this power must be exercised by general and uniform laws.

The legislature has not, by any general and uniform law, provided for the election or appointment of a "license tax collector" in the several counties of the State, unless it has done so by the provisions of the County Government Act. But there is nothing in the provisions of that act which authorizes the boards of supervisors of the several counties of the State to provide for the creation of county offices, or for the election or appointment of county officers. On the contrary, it declares what county officers are provided for each county in the State, how and when they are to be elected and take office, what duties they shall perform, and what salaries they shall receive (§§ 57, 60, 70, 162, etc.), and the office of license tax collector is not one of them.

As, therefore, the act contains no direct provisions authorizing boards of supervisors to create a county office, or to provide for the election or appointment of a county officer to fill the office, or to fix the term of office, prescribe the duties of the officer, and declare his compensation, and as the Constitution prohibits that from being done by any other body than the legislature, acting under constitutional forms, it follows, that the power to create, elect, or appoint to such an office cannot be inferred as incidental to a general power for the assessment and collection of taxes; therefore the provisions of the ordinance under consideration are, as to that subject, void; and as there was no office and no officer from whom licenses were obtainable, and to whom license taxes could be paid, the defendant is not liable for transacting business without having obtained a license.

I think that judgment should be reversed and cause remanded.