[No. 11863.   Department One. — May 25, 1887.]

## J. F. ROWE, RESPONDENT, v. COUNTY OF KERN, APPELLANT.

PUBLIC OFFICER — TAX COLLECTOR — LICENSE TAXES — VOLUNTARY COLLECTION OF — IMPLIED PROMISE TO PAY FOR. — The tax collector of a county cannot, either in his individual or official capacity, maintain an action against the county to recover the reasonable value of services performed by him in collecting county license taxes imposed by an ordinance of the board of supervisors passed after his term of office commenced, whether the collection of such license taxes was a part of his official duties as tax collector or not. If, however, such services are no part of the duties of the tax collector, and a promise to pay therefor is implied, the implication would be overcome by proof that the tax collector performed the services under the supposition that it was a part of his official duty, and without any expectation of receiving additional compensation.

APPEAL from an order of the Supreme Court of Kern County refusing a new trial.

The facts are stated in the opinion of the court.

*J. W. Freeman, B. Brundage,* and *Newlands, Allen & Herrin,* for Appellant.

*Taylor & Holl,* for Respondent.

McKINSTRY, J. — The action is upon the *quantum meruit* to recover the reasonable value of services alleged to have been performed in collecting county license taxes.

The board of supervisors passed an order requiring all persons engaged in enumerated business and occupations to pay a license tax.

If, when the board passed that ordinance, the duty at once attached to and was imposed upon the plaintiff, as tax collector, to collect the county license taxes, it was a duty to be performed without additional compensation; since the board of supervisors did not fix or determine the compensation to be paid, or provide that any compensation should be paid to the tax collector for his services in collecting county licenses. There is no implied obligation on the part of municipal or *quasi* municipal corporations which obliges them to make compensation to officers of the municipality, unless the right to it is expressly given by law, ordinance, or contract. Such officers are deemed to have accepted their offices with knowledge of the provisions of the charter or law. (1 Dillon on Municipal Corporations, 3d ed., 230.)

If it was the duty of plaintiff, as tax collector, to collect the county licenses, he knew when he accepted the office of tax collector that the county supervisors might pass a license ordinance, and that it remained with the supervisors in their legislative capacity (if, indeed, they had any power in the premises) to provide, or not to provide, fees or compensation for the service of collecting the licenses. Moreover, this action was not brought by the plaintiff as tax collector; his counsel insist that it was no part of his duty as tax collector to collect the county license taxes.

But if the tax collector, as such, had nothing to do with respect to county license taxes, and the sole power of appointing a collector of such license taxes was in the board of supervisors, the supervisors of Kern County never by ordinance or resolution appointed the plaintiff license collector, or provided for his appointment, or authorized him to collect the same.

The plaintiff as a private person could not, simply by

inducing the payment of license taxes to himself, and then paying into the treasury the amount so received by him, establish a contract relation between himself and the county, from which could arise an implied promise to pay him for his services, as having been performed for the county.

Whether the tax collector is *ex officio* collector of county licenses, or the county license collector must be a separate officer nominated by the supervisors, the collector of licenses is a county officer, clothed with public responsibilities, and invested with a public character. If the board of supervisors had formally appointed the plaintiff collector of county license taxes, without providing any salary or fees for the office, he could not, as we have seen, have claimed compensation after performing services, because he would have taken the office with knowledge that he was to receive no fees or salary. If the plaintiff voluntarily assumed public functions which there was no officer to perform, he can have no better claim to compensation than if the office had been created, and he had been duly appointed to fill it.

Further, the fact seems to be that both the individual members of the board of supervisors and the plaintiff himself supposed it to be his duty as tax collector to collect the county license taxes, and did not suppose or expect he would receive any compensation for such service, except as tax collector. If the plaintiff may now say he did not perform the service as tax collector, he must be treated as a mere volunteer. Thus, if any implied promise to pay the value of the services could arise *prima facie* out of the performance of the service, the presumption of promise to pay was overcome by proof of the circumstances showing that plaintiff did not expect any compensation, except as tax collector, but showing the contrary.

Order reversed.

Temple, J., and Paterson, J., concurred.