[No. 18107. In Bank—November 8, 1893.]

# THE COUNTY OF EL DORADO, Respondent, v. LOUIS MEISS, Appellant.

Constitutional Law—Validity of County Ordinance—License Tax—Municipal Taxes.—A county ordinance imposing a license tax upon "every person engaged in the business of raising, grazing, herding, or pasturing sheep and goats, or sheep or goats" within the county is authorized by subdivision 27 of section 25 of the County Government Act, which is constitutional and valid by the terms of section 12 of article XI of the constitution, giving to the legislature the power to vest in the corporate authorities of counties, cities, and towns the power to assess and collect taxes for municipal purposes. A license tax is a tax within the meaning of that section.

Id.—Tax Upon Non-residents—Discrimination.—The fact that such ordinance is general, and applies to non-residents as well as residents of the county carrying on such business within the county, instead of being an objection to the validity of the tax is essential to sustain its validity. A county cannot discriminate between its own citizens and those of other counties in the disposition of a license tax for carrying on any business in such county.

Id.—Void Appointment of License Tax Collector—Power of Supervisors.—The board of supervisors of a county have no power to create the office of license tax collector for the county. The duty of providing for the election or appointment of all necessary county officers is devolved upon the legislature by section 5 of article XI of the constitution, and an ordinance of the board of supervisors creating such an office is void.

Id.—Action by County to Recover License Tax—Void Direction by Tax Collector—Power of County to Sue.—The right of a county to sue for the amount of a license tax fixed by a valid ordinance is not dependent upon the validity of part of the ordinance creating the office of tax collector and appointing a person to fill it; and the fact that the ordinance prescribes that suit shall be brought in the name of the county, by direction of the license tax- collector named therein, and that the appointment of the tax collector under the ordinance is void, does not deprive the county of its general power to sue and enforce payment of the license.

Id.—Shearing of Sheep Temporarily in County—License Not Required.—The act of a sheep-owner in taking a band of sheep from one county into another, and in keeping them there temporarily on his own farm for the purpose of shearing them, without procuring a license therefor, is not a violation of an ordinance of the latter county requiring "every person engaged in the business of raising, grazing, herding or pasturing sheep" within such county to procure a license therefor, the facts showing no intended evasion of the ordinance.

Appeal from a judgment of the Superior Court of El Dorado County.

The facts are stated in the opinion of the court.

*Irwin & Irwin,* and *Armstrong & Platnauer,* for Appellant.

Under the constitution the legislature could only confer power upon the board of supervisors to impose a license tax, or any other tax, upon the inhabitants or property of the county. The defendant was not an inhabitant of El Dorado county, and therefore not subject to the tax. (Const., art. XI, sec. 12; *People* v. *Martin,* 60 Cal. 153; *State* v. *Casper,* 36 N. J. L. 367; *State* v. *Ross,* 23 N. J. L. 517; *Lyman* v. *Fiske,* 17 Pick. 231; 28 Am. Dec. 293; *Sears* v. *City of Boston,* 1 Met. 250; *Herriman* v. *Stowers,* 43 Me. 497; Cooley on Taxation, 1st ed., 269–70, and notes; *Harvard College* v. *Gore,* 5 Pick. 377; *Nugent* v. *Bates,* 51 Iowa 77; 33 Am. Rep. 117; *Thorndike* v. *City of Boston,* 1 Met. 242; *Thayer* v. *Boston,* 124 Mass. 132; 26 Am. Rep. 650; *Warren* v. *Thomaston,* 43 Me. 406; 69 Am. Dec. 69; *Stockton* v. *Staples,* 66 Me. 197; *United States* v. *Penelope,* 2 Pet. Adm. 450; *Long* v. *Brown,* 4 Ala. 630; *Crawford* v. *Wilson,* 4 Barb. 518; *In re Wrigley,* 8 Wend. 140; *Brown* v. *Ashbough,* 40 How. Pr. 260.) The County Government Act does not authorize the board of supervisors to impose a license tax upon the business of sheep-raising, and if it be conceded that it does, it is in conflict with a general law, and void. (4 Deering's Codes, p. 694.) The appointment of the license collector in pursuance of section 3 of the ordinance is void, as the legislature alone has power to create offices. (Const., art. XI, sec. 5, art. XX, sec. 4; *People* v. *Jewett,* 6 Cal. 291.) If there was no license collector no liability was incurred in not procuring a license. (*People* v. *Ferguson,* 65 Cal. 288.)

*Richard S. Miner, amicus curiæ,* for Respondent.

The ordinance in question is clearly valid. Similar questions have been raised in the following cases as are raised here. (See *Ex parte Mirande,* 73 Cal. 365; *In re Stuart,* 61 Cal. 374; *Ex parte Casinello,* 62 Cal. 538; *Ex*

*parte Wolters,* 65 Cal. 269; *People* v. *Ferguson,* 65 Cal. 288; *Ex parte Moynier,* 65 Cal. 33; *Santa Clara Co.* v. *Southern Pac. R. R. Co.,* 66 Cal. 642; *Ex parte Mount,* 66 Cal. 448; *Ex parte White,* 67 Cal. 102; *In re Guerrero,* 69 Cal. 88; *City of Los Angeles* v. *Southern Pac. R. R. Co.,* 67 Cal. 433; *Gilkeson* v. *Frederick Co.,* 13 Gratt. 577; *Barbier* v. *Connolly,* 113 U. S. 27; *Soon Hing* v. *Crowley,* 113 U. S. 703; *In re Lawrence,* 69 Cal. 608; *Ex parte Newton,* 53 Cal. 571; *Amador Co.* v. *Kennedy,* 70 Cal. 458; *Gartside* v. *East St. Louis,* 43 Ill. 47; *In re Bickerstaff,* 70 Cal. 35; *Cincinnati* v. *Buckingham,* 10 Ohio, 257; *Ex parte Hurl,* 49 Cal. 557; *Mayor etc.* v. *Yuille,* 3 Ala. 137; 36 Am. Dec. 441; *Carroll* v. *Mayor etc.,* 12 Ala. 173; *Meriam* v. *New Orleans,* 14 La. Ann. 318; *Hodges* v. *Mayor etc.,* 2 Humph. 61; *Keely* v. *Atlanta,* 69 Ga. 583; *Wilder* v. *Mayor of Savannah,* 70 Ga. 760; 48 Am. Rep. 598; *Van Hook* v. *Selma,* 70 Ala. 361; 45 Am. Rep. 85; *Howland* v. *Chicago,* 108 Ill. 496; *State* v. *City of Topeka,* 36 Kan. 76; 59 Am. Rep. 529.) The legislature had power to delegate the power of taxation to the board of supervisors. (*City of New Orleans* v. *Turpin,* 13 La. Ann. 56. See *Mendocino County* v. *Bank of Mendocino,* 86 Cal. 255.) The contention that the appointment of the license collector was void is untenable. (*Ex parte Mirande,* 73 Cal. 365; *People* v. *Ferguson,* 65 Cal. 288.)

DE HAVEN, J.—On March 3, 1891, the board of supervisors of El Dorado county passed an ordinance requiring "every person engaged in the business of raising, grazing, herding or pasturing sheep and goats, or sheep or goats," in that county, to procure from the license tax collector a license therefor. The ordinance made it the duty of the license collector to collect the license, and further provided that he might enforce the collection, "as provided by section 3360 of the Political Code"; that is, by action brought for that purpose in the name of the people of the State.

In April, 1891, the supervisors of the county passed another ordinance, providing generally for the collec-

tion of all license taxes in that county, and for that purpose undertook to create the office of license tax collector, and by section 3 of this ordinance it was declared:

"SEC. 3.   The board of supervisors, at its first regular session in each year, shall appoint a qualified elector of the county such license tax collector for the term of one year next following such appointment; provided that, until the appointment of said collector at the January session of said board, in the year 1892, T. B. Epps shall be and he is hereby constituted such license tax collector in and for said county."

And by section 6 of the same ordinance "said license tax collector" was authorized, upon the failure of any person to pay the license tax imposed by any ordinance, to direct a suit to be brought against such person, in the name of the county, for the recovery of such license tax; and it was further provided that such tax should be deemed to be a debt due the county of El Dorado.

The defendant herded and pastured a band of sheep in the county of El Dorado during the summer of 1891, and, having failed to pay the license imposed by the ordinance first referred to in this opinion, the present action was brought to recover the same.

The superior court, in addition to the foregoing facts, also found that the defendant was a resident of the county of Sacramento during the time his sheep were pastured in El Dorado, and that said sheep were upon the farm of defendant in Sacramento county on the first Monday in March, 1891, and were duly assessed in that county for that year, and that defendant paid the taxes thereon for that year in the county of Sacramento; and upon these facts the court rendered judgment in favor of plaintiff.   The defendant appeals.

1. We see no valid objection to the ordinance passed March 3, 1891, imposing a license tax upon persons engaged in the business of raising, herding or pasturing sheep in that county.   The constitutionality of a similar ordinance of the county of Mono was sustained in *Ex parte Mirande*, 73 Cal. 365.   The power "to license

for purposes of regulation and revenue" all and every kind of business carried on in a county and not prohibited by law, and to provide for the collection of the same by suit or otherwise, is expressly conferred upon the boards of supervisors of the several counties of the state by subdivision 27 of section 25 of the County Government Act, and this provision is not in conflict with, but, on the contrary, is authorized by, section 12 of article XI of the constitution of this state, which declares:

"Sec. 12.   The legislature shall have no power to impose taxes upon counties, cities, towns, or other public or municipal corporations, or upon the inhabitants or property thereof, for county, city, town, or other municipal purposes; but may, by general laws, vest in the corporate authorities thereof the power to assess and collect taxes for such purposes."   A license tax is a tax within the meaning of this section. (*People* v. *Martin,* 60 Cal. 153.)   It is contended, however, by the defendant that the legislature is only authorized to confer upon the county the power to impose a license tax upon the inhabitants of such county, and that the license in question is void because it is general, and requires every person engaged in the business of sheep-raising in the county of El Dorado to pay the license, whether he is an inhabitant of the county or not.   We see nothing in the language of the section of the constitution referred to which can be construed as thus limiting the power of the legislature and supporting the contention of defendant.   This section authorizes the legislature, by general laws, to vest in the corporate authorities of counties, cities, and towns respectively the power to assess and collect taxes for county or municipal purposes; but the power, when conferred, can only be exercised in accordance with the fundamental rule that a tax, to be valid, must be equal in its burdens and uniform in its operation; and, in view of this general principle, it has been held that a county cannot discriminate between its own citizens and those

of other counties in the imposition of a license tax for
carrying on any business in such county. (*Lassen Co.*
v. *Cone,* 72 Cal. 387.) If the ordinance under consid-
eration here permitted the defendant, a resident of the
county of Sacramento, to carry on the business of
sheep-raising in El Dorado county upon more favor-
able terms than residents of the latter county, exempt-
ing the defendant from the payment of the tax which
it imposes upon the latter for conducting the same
business, it would be void under the authority of the
case last cited. It is only because it is general, and
makes no discrimination whatever on account of the
residence of the persons engaged in the business upon
which the license is imposed, that the ordinance can
be sustained.

2. It is further claimed by the defendant that the
ordinance creating the office of license tax collector for
the county of El Dorado is void, because of want of
power in the board of supervisors to create such an
office. We have no doubt that the duty of providing
for the election or appointment of all necessary county
officers, and prescribing their duties and fixing their
terms of office, is devolved upon the legislature by sec-
tion 5 of article XI of the constitution. That section,
so far as necessary to be here stated, is as follows:

"The legislature by general and uniform laws shall
provide for the election or appointment in the several
counties of boards of supervisors, sheriffs, county clerks,
district attorneys, and such other county, township, and
municipal officers as public convenience may require,
and shall prescribe their duties and fix their terms of
office." It was held in the case of the *People* v. *Fergu-
son,* 65 Cal. 288, that the board of supervisors of a
county might create the office of license tax collector,
and that the exercise of such power was not in conflict
with the section of the constitution just quoted. This
opinion, however, was not concurred in by all of the
members of the court, and we think the dissenting
opinion of Mr. Justice McKee in that case, in so far as

C. CAL.—18

it relates to this particular point, states the correct rule. A license tax collector is an officer. He exercises a public duty in the collection of this part of the public revenue, and the board of supervisors of a county have no more power to create such an office upon their own views of public necessity or convenience than they would have to create any other kind of office deemed by them necessary or convenient for the transaction of the public business. The duty of providing for the election or appointment of the particular officers named in section 5 of article XI of the constitution, "and such other county officers . . . . as public convenience may require," and to prescribe their duties and fix their terms of office, is by this section vested exclusively in the legislature of the state, and can be exercised by no other body. The legislature cannot divest itself of this duty by any delegation of the power. "This provision of the constitution," said this court in *Welsh* v. *Bramlet,* 98 Cal. 219, "is mandatory, and must be construed, not only as giving to the legislature the exclusive authority to provide for the officers in the several counties, fix their terms of office, and prescribe their duties, but also as declaring that such provision must be made 'by general and uniform laws,' and that any law which the legislature may enact upon these subjects must be uniformly applicable to all the counties in the state."

But, although the appointment of Epps as tax collector under the ordinance was void, we do not think this fact is sufficient to defeat the right of the county to maintain this action. The amount of the license is fixed by a valid ordinance, and the ordinance further provides that such license tax shall be deemed a debt due to the county of El Dorado, and contemplates that in the event of its nonpayment the county shall have the right to sue and recover the same. The fact that the ordinance prescribes that such suits shall be brought in the name of the county, by direction of the license tax collector named therein, who, as we have seen, was not legally appointed, does not deprive the county of its

general power to sue and enforce payment of the license. The right of the county to sue is not dependent upon the validity of that part of the ordinance creating the office of tax collector and appointing a person to fill it.

3. The license imposed by the ordinance is five dollars for each one hundred head of sheep, and under it the defendant was not liable to pay for any fractional part of that number of sheep. It appears from the findings that the defendant was the owner of two bands of sheep, one of which he pastured in the county of El Dorado for four months during the year 1891, and in relation to the other the court found as follows: "That defendant owned another band of sheep, consisting of nineteen hundred and twenty-five head, which he drove from his farm in Sacramento county to Alpine county, where they were herded and pastured during the summer of 1891, except they were driven down to his farm in El Dorado county to be sheared, and were sheared there, remaining about seven days, when they were returned to Alpine county, where they remained until he drove them down to his farm in Sacramento county." The facts stated in this finding do not show that the sheep therein referred to were raised, herded or pastured in the county of El Dorado, within the meaning of the ordinance imposing the license tax. The language of this ordinance is that "every person engaged in the business of raising, grazing, herding, or pasturing sheep," etc., must procure the license named. It is evident, we think, that the defendant, who neither raised, herded, nor pastured this band of sheep in the county of El Dorado, and who only took and kept them there temporarily on his own farm for the purpose of shearing them, is not liable to pay any license therefor under this ordinance. Of course the license tax cannot be evaded by the mere pretense of driving sheep through a county, or into a county, for an alleged temporary purpose, when it is evident that the real object in so doing, and what is really done, is to graze and pasture the sheep in the county. But the facts stated in this

·finding show no such attempted evasion of the ordinance; and the judgment of the superior court is erroneous in so far as it adjudges that defendant is liable to pay a license for simply shearing this band of sheep in the county of El Dorado.

The judgment of the superior court is reversed, with ·directions to enter a judgment upon the findings in favor of the plaintiff and against the defendant, for the sum of one hundred and forty-five dollars, with interest thereon from June 30, 1892.

HARRISON, J., GAROUTTE, J., McFARLAND, J., and FITZGERALD, J., concurred.