[Sac. No. 973.   Department Two.—June 25, 1902.]

THE PEOPLE, ex. rel. Attorney-General, Appellant, v. J. S. WHEELER, Respondent.

COUNTY GOVERNMENT ACT—COUNTY PHYSICIAN—PUBLIC OFFICER—EMPLOYEE—APPOINTMENT OF ALIEN—QUO WARRANTO.—A graduate in medicine appointed by the board of supervisors of a county as "county physician," or "hospital physician," under subdivision 5 of section 25 of the County Government Act of 1897, to attend upon the indigent sick and dependent poor of the county, is not a public officer, but a mere employee of the board. The appointment of an alien as such physician is not invalid, and he is not subject to proceedings in *quo warranto* upon relation of the attorney-general.

ID.—CONSTRUCTION OF ACT—POWER OF BOARD—DELEGATION OF LEGISLATURE.—The County Government Act cannot be construed as making physicians employed by the county public officers, without involving an unconstitutional delegation of power to the board of supervisors, to fix their terms of office, prescribe their duties, and to regulate their salaries or compensation. The board has power under the act to appoint a number of physicians to take care of the indigent sick, and to fix their period of employment, duties, and compensation; and there is nothing in the act to indicate an unconstitutional intention on the part of the legislature to designate or treat as officers the physicians employed by the board.

APPEAL from a judgment of the Superior Court of Plumas County.   C. E. McLaughlin, Judge.

The facts are stated in the opinion.

Tirey L. Ford, Attorney-General, and U. S. Webb, for Appellant.

L. N. Peter, for Respondent.

SMITH, C.—This is a suit, in the nature of *quo warranto*, to oust the defendant from the office described in the complaint as that of "county physician," or, as otherwise described, "the office of hospital physician of Plumas County," Judgment was entered for the defendant on demurrer to the complaint, and the plaintiff appeals.

The defendant, who is a graduate in medicine, was appointed by the board of supervisors under subdivision 5 of section 25 of the County Government Act of 1897 (Stats. 1897, p. 458) to attend to the indigent sick and dependent poor of the county, and to the patients in the county hospital; and the ground of objection to his appointment is, that he is an alien, and therefore, under the provisions of section 841 of the Political Code, disqualified to hold office. The only question, therefore, in the case is whether the position to which the defendant was appointed is an office within the meaning of the term as used in the section of the Political Code cited.

This question, we think, must be answered in the negative. By the provisions of the act in question, the board of supervisors is authorized "to construct or lease, officer, and maintain hospitals and poorhouses, or otherwise in their discretion provide for the care and maintenance of the indigent sick and dependent poor of the county"; and it is provided that "the board . . . shall appoint some suitable person to take care of and maintain such hospitals and poorhouses, and shall also appoint some suitable graduate or graduates in medicine to attend to such indigent sick and dependent poor, and to the patients in such hospitals and poorhouses."

Under these provisions of the law, it is within the power of the board to employ, not one physician only (as provided in the corresponding provision of the County Government Act of 1883, cited by the attorney-general), but as many as the board in its discretion may deem necessary. Nor is the power of the board limited to the appointment of a physician or physicians with more or less permanent tenure. It includes also the power to employ physicians for temporary purposes,—as

in case of epidemics,—or to care for sick persons outside the hospitals or poorhouses who cannot otherwise be cared for. It is clear, therefore,—as also from the subordinate nature of their duties, and other circumstances,—that the physicians employed must be regarded as merely the servants or employees of the board; to which, by the law, the general function of caring for the indigent sick is committed.

This conclusion is supported by the decision of this court in *McDaniel* v. *Yuba County*, 14 Cal. 444, and also in *Grindley* v. *Santa Cruz County*, 4 Pac. Rep. 391, both involving statutory provisions not materially differing from those of the County Government Act of 1897. In each of the cases cited it was held that the board of supervisors could not remove the physician employed during the term fixed by the contract of employment, which would not have been the case had the appointee been an officer. (Pol. Code, sec. 879; Const., art. XX, sec. 16.) In the case first cited, the act construed was that of 1855, which simply provides for the employment of a graduate physician, without prescribing the term of his employment, or his duties or compensation. (Stats. 1855, p. 68, secs. 3, 4, 5),—the sole difference between the act and the act now under consideration being, that in the former act the power to prescribe the duties of the physician is expressly given, while in the latter it is only implied (*Grindley* v. *Santa Cruz Co.*, 4 Pac. Rep. 391,),—a difference quite immaterial. In the latter case the statutory provisions involved were those of section 4046 of the Political Code (subd. 5), which simply devolves upon the board of supervisors the duty "to provide for the care and maintenance of the indigent sick or otherwise dependent poor of the county." But this clearly implies the power to employ medical aid for the former; and the provision, therefore, differs from the County Government Act and the act of 1855 only in not imposing on the appointee the qualification of being a graduate in medicine. The case at bar comes, we think, within the authority of these decisions.

The case differs materially from that involved in *People* v. *Harrington*, 63 Cal. 257, the only case in which it has been held that the physician appointed by the board of supervisors is an officer. The act there involved was the act of 1860, relating to Yuba County, as amended in 1879; and that act

not only designates the title of the officer, but "fixes the term for which he shall be appointed, provides for his term of office, and prescribes his duties," and also his compensation. There is nothing in the act now under consideration to indicate an intention on the part of the legislature to create, or rather to provide for the creation, of an indefinite number of offices; and the contrary is indicated by the failure of the act to designate as officers the physicians employed, or to give them a distinctive name, or to fix their terms of office, or to prescribe their duties or compensations.

It may be added that if the act could be thus construed, it would be clearly unconstitutional. For the effect of the act would then be to delegate to the board of supervisors the power to create an indefinite number of public offices, with varying duties and compensation; which cannot be regarded as within the constitutional powers of the legislature. "The legislature cannot commit to the discretion of others the important function of creating public offices in unlimited or indefinite number." (*Ford* v. *Harbor Commissioners,* 81 Cal. 37; *Farrell* v. *Board of Trustees,* 85 Cal. 415.) Still more obviously would this be the case if the supposed office be regarded as a county office; as, "if an office at all," it should be. (*People* v. *Harrington,* 63 Cal. 260.) For with relation to county offices, it is the constitutional duty of the legislature not only to provide for the election of the officers, but also to fix their terms of office, to prescribe their duties, and to regulate their salaries or compensation; and this duty could not be delegated to the board of supervisors or others. (Const., art. II, sec. 5; *Ventura* v. *Clay,* 112 Cal. 70; *County of El Dorado* v. *Meiss,* 100 Cal. 274; *Farrell* v. *Board of Trustees,* 85 Cal. 415-416; *County of Los Angeles* v. *Lopez,* 104 Cal. 258; *People* v. *Johnson,* 95 Cal. 471; *Dougherty* v. *Austin,* 94 Cal. 601; *Dwyer* v. *Parker,* 115 Cal. 544.)

We advise that the judgment be affirmed.

Gray, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

McFarland, J., Temple, J., Henshaw, J.

Hearing in Bank denied.