[S. F. No. 10528. In Bank.—March 21, 1923.]

JAMES B. LOGAN, Petitioner, v. J. J. SHIELDS, as County Auditor, etc., Respondent.

[1] Public Officers — Traffic Officers — Status of. — One whose duty it is to regulate traffic upon the public streets of a county is to that extent exercising a part of the sovereign power of the state, and for that reason is a public officer as distinguished from a mere employee.

[2] Id.—Officer Appointed by Supervisors—Compensation—Lack of Authority.—The board of supervisors of a county has no power to authorize payment from the county treasury of the salary of a traffic officer appointed under a resolution passed by the board.

APPLICATION for a Writ of Mandate directed to the Auditor of San Mateo County to compel him to audit a demand. Writ denied.

The facts are stated in the opinion of the court.

Ross & Ross for Petitioner.

Franklin Swart and John H. Machado for Respondent.

WILBUR, C. J.—This is an original proceeding in *mandamus*. The petitioner has been employed as a traffic officer or employee by the board of supervisors of San Mateo County at a salary of $150 per month. A claim for that amount for the months of November and December, 1922,

---

1.  Policeman as public officer, note, **Ann. Cas.** 1917B, 663.

was audited and approved by the board of supervisors and was presented by the petitioner to the respondent auditor for his warrant. The auditor having refused to issue his warrant, petitioner brought this proceeding to compel the issuance of the warrant. It appears from the return herein that for a period of about ten years the board of supervisors of San Mateo has, by resolution and by appointment thereunder, employed and paid a number of persons known in the resolution and in the report as traffic officers or "traffic cops."

The petitioner was appointed or employed under such resolution and by virtue thereof seeks by this proceeding to secure his compensation.

If the petitioner is an officer within the meaning of article XI, section 5, of the constitution, it is clear under decisions rendered shortly after the adoption of the constitution that the legislature of the state alone has power to create such an office and that the board of supervisors of the county can neither provide for such officers or their compensation under the police power granted directly by the constitution to the counties in article XI, section 11, nor by authority expressly granted by the legislature. The rule was thus stated in *County of El Dorado* v. *Meiss,* 100 Cal. 268, 274 [34 Pac. 716, 717]: "The duty of providing for the election or appointment of the particular officers named in section 5 of article XI of the constitution, 'and such other county officers . . . as public convenience may require,' and to prescribe their duties and fix their terms of office, is by this section vested exclusively in the legislature of the state, and can be exercised by no other body. The legislature cannot divest itself of this duty by any delegation of the power. 'This provision of the constitution,' said this court in *Welsh* v. *Bramlet,* 98 Cal. 219 [33 Pac. 66], 'is mandatory, and must be construed, not only as giving to the legislature the exclusive authority to provide for the officers in the several counties, fix their terms of office, and prescribe their duties, but also as declaring that such provision must be made "by general and uniform laws," and that any law which the legislature may enact upon these subjects must be uniformly applicable to all the counties in the state.' " It was, therefore, held in that case that an ordinance creating the office of license tax

collector was void in so far as it attempted to create such office because of want of power in the board of supervisors to create such an office.

In the case of *People* v. *Wheeler*, 136 Cal. 652 [69 Pac. 435], this court held that a county physician was not an officer within the meaning of the constitutional provision above quoted. With reference to the question as to whether or not an office was created by the appointment of the county physician it was said:

"It may be added that if the act could be thus construed, it would be clearly unconstitutional. For the effect of the act would then be to delegate to the board of supervisors the power to create an indefinite number of public officers, with varying duties and compensation; which cannot be regarded as within the constitutional powers of the legislature. 'The legislature cannot commit to the discretion of others the important function of creating public offices in unlimited or indefinite number.' (*Ford* v. *Harbor Commrs.*, 81 Cal. 19, 37 [22 Pac. 278]; *Farrell* v. *Board of Trustees*, 85 Cal. 408, 415 [24 Pac. 868].) Still more obviously would this be the case if the supposed office be regarded as a county office; as, 'if an office at all,' it should be. (*People* v. *Harrington*, 63 Cal. 257, 260.) For with relation to county offices, it is the constitutional duty of the legislature not only to provide for the election of the officers, but also to fix their terms of office, to prescribe their duties, and to regulate their salaries or compensation; and this duty could not be delegated to the board of supervisors or others. (Const., art. II, sec. 5; *Ventura County* v. *Clay*, 112 Cal. 65, 70 [44 Pac. 488]; *County of El Dorado* v. *Meiss*, 100 Cal. 268, 274 [34 Pac. 716]; *Farrell* v. *Board of Trustees*, 85 Cal. 415, 416 [24 Pac. 868]; *County of Los Angeles* v. *Lopez*, 104 Cal. 257 [38 Pac. 42]; *People* v. *Johnson*, 95 Cal. 471, [31 Pac. 611]; *Dougherty* v. *Austin*, 94 Cal. 601 [16 L. R. A. 161, 28 Pac. 834, 29 Pac. 1092]; *Dwyer* v. *Parker*, 115 Cal. 544 [47 Pac. 372].)"

In the statute considered in *Coulter* v. *Pool*, 187 Cal. 181 [201 Pac. 120], the legislature attempted to delegate to the board of supervisors the power to employ a county engineer. Although such officer was designated as an employee in the statute it was held that he was in fact an officer and that the attempted delegation of power was void. The court there said: ". . . 'The label placed by the legislature

upon its work cannot be permitted to give it a meaning not fairly contemplated within its terms.' In other words, a legislative declaration, whether contained in the title or in the body of a statute, that the statute was intended to promote a certain purpose is not conclusive on the courts, and they may and must inquire into the real, as distinguished from the ostensible, purpose of the statute, and determine the fact whether, after all has been said and done by the legislature, the statute, in its scope and effect, departs from the declared legislative design and contravenes the fundamental and supreme law of the state. (*Matter of Jacobs*, 98 N. Y. 98, 110 [50 Am. Rep. 636]; *State* v. *Redmon*, 134 Wis. 89, 107 [126 Am. St. Rep. 1003, 15 Ann. Cas. 408, 14 L. R. A. (N. S.) 229, 114 N. W. 137]; *Mugler* v. *Kansas*, 123 U. S. 623 [31 L. Ed. 205, 8 Sup. Ct. Rep. 273, see, also, Rose's U. S. Notes].) . . .'' The court then said: ''Its definition and application depend not upon what the particular office in question may be called, nor upon what a statute may call it, but upon the power granted and wielded, the duties and functions performed and other circumstances which manifest the true character of the position and make and mark it a public office, irrespective of its formal designation. (*Knox* v. *Los Angeles County*, 58 Cal. 59; Mechem on Public Offices, sec. 4; *Hartigan* v. *Board*, 49 W. Va. 14 [38 S. E. 698].) . . .'' In determining whether or not the county engineer was a public officer, one of the rules of the determination of that question is thus stated in *Coulter* v. *Pool, supra:* ''A public officer is a public agent and as such acts only on behalf of his principal, the public, whose sanction is generally considered as necessary to give the act performed by the officer the authority and power of a public act or law. The most general characteristic of a public officer, which distinguishes him from a mere employee, is that a public duty is delegated and entrusted to him, as agent, the performance of which is an exercise of a part of the governmental functions of the particular political unit for which he, as agent, is acting. . . . ''

As we said in *Ex parte Daniels*, 183 Cal. 636, 639 [21 A. L. R. 1172, 192 Pac. 442, 444]: ''The streets of a city belong to the people of the state, and every citizen of the state has a right to the use thereof, subject to legislative control. (*People* v. *County of Marin*, 103 Cal. 223, 232

[26 L. R. A. 659, 37 Pac. 203] ; Elliott on Roads and Streets, 3d ed., secs. 25, 505, 543, 544, 1112, 1115 ; 3 Dillon on Municipal Corporations, 5th ed., sec. 1122.) The right of control over street traffic is an exercise of a part of the sovereign power of the state. (Elliott on Roads and Streets, sections cited, supra.) . . ."

[1] It clearly follows that as the duty of the petitioner herein was to regulate traffic upon the public streets of the county of San Mateo, he was to that extent exercising a part of the sovereign power of the state and for that reason was a public officer as distinguished from a mere employee, such as a street-sweeper or laborers upon the highway.

[2] It is clear, then, that the supervisors had no authority to pay or authorize the payment of the petitioner's salary and for that reason the petition must be denied. It is unnecessary to determine whether or not the petitioner was acting as a peace officer and thus performing the duties of a constable or sheriff and for that reason his employment was unauthorized because it would be of assistance to the sheriff or constable and thus an increase of compensation to such sheriff or constable. We express no opinion upon that point, basing our judgment upon the proposition that the petitioner was an officer and that the supervisors were without power to create such office.

Petition denied.

Lennon, J., Kerrigan, J., Myers, J., Lawlor, J., Seawell, J., and Waste, J., concurred.