[S. F. No. 345. In Bank.—January 6, 1897.]

# WILLIAM DWYER, APPELLANT, *v.* W. F. PARKER, COUNTY AUDITOR OF SANTA CLARA COUNTY, RESPONDENT.

CONSTITUTIONAL LAW — FEE ACT OF 1895 — FEES OF JUSTICES AND CONSTABLES — LIMITATION OF FEES RETAINED—SUPERVISION OF DISTRICT ATTORNEY.—The provisions of the act of 1895 to establish the fees of county, township, and other officers, limiting the amount of fees to be retained by justices of the peace, and giving the district attorney supervisory power over the fees and bills of justices and constables, are unconstitutional and void.

ID.—COMPENSATION OF OFFICERS—CLASSIFICATION OF COUNTIES—MANDATORY PROVISION OF CONSTITUTION.—Section 5 of article XI of the constitution, requiring the legislature to regulate the compensation of all county and township officers in proportion to the duties which they may perform, and providing that the legislature " for this purpose may classify the counties by population,"construed with section 22 of article I, is mandatory, and provides as the sole mode for adjusting the compensation of officers, that it be adjusted in accordance with their respective duties under a classification of counties by population made for this purpose.

ID.—JUSTICES OF THE PEACE—COMPENSATION AND FEES, HOW REGULATED —FEE ACT—COUNTY GOVERNMENT ACT.—The compensation of justices of the peace cannot be regulated in part by the fee act of 1895, but is governed wholly by the County Government Act of 1893, including the amount of fees which they are permitted to retain; but the fee act of 1895, though invalid in limiting that amount, still remains as a full and complete fee bill, and establishes what fees may be charged for, and collected by, justices of the peace, and by all county and township officers.

ID.—SUPERVISORY CONTROL OF DISTRICT ATTORNEY—UNIFORM OPERATION OF GENERAL LAWS.—That portion of the fee act of 1895 which gives the district attorney a supervisory control over fees of justices and constables in criminal cases, is void, as being in conflict with section 11 of article I of the constitution, providing that "all laws of a general nature shall have a uniform operation," as well as in improperly regulating the compensation of officers, in violation of section 5 of article XI.

ID.—STATUTORY CONSTRUCTION — FEE ACT VOID ONLY IN PART.—Where the court can see and say that an act, in the form in which it is left, with such parts excised as are obnoxious to the constitution, is still such an act as it may be presumed that the legislature would have passed had it known that such parts were void, the remainder, under well-settled rules of statutory construction, may stand; and under the application of this rule, the unconstitutional parts of the fee act of 1895 do not affect the remainder of the act.

APPEAL from a judgment of the Superior Court of Santa Clara County. JOHN REYNOLDS, Judge.

The facts are stated in the opinion of the court.

*D. W. Burchard, Reed & Nusbaumer,* and *Rodgers & Paterson,* for Appellant.

Under section 5 of article XI of the constitution, it is made the imperative duty of the legislature to regulate the compensation of all county officers in proportion to their duties. (*Dougherty* v. *Austin,* 94 Cal. 604; *Darcy* v. *Mayor etc.,* 104 Cal. 642.) The compensation which is in proportion to the duties of an officer, is a matter of fact to be determined by the legislature and not by the courts. (*Longan* v. *Solano County,* 65 Cal. 122; *Green* v. *Fresno County,* 95 Cal. 332; *Spring Valley Water Works* v. *San Francisco,* 82 Cal. 286; 16 Am. St. Rep. 116.) The act is void so far as constables and justices of the peace are concerned, at least, because it unlawfully delegates a legislative power to the district attorney (Const., art. XI, sec. 13), and because all laws of a general nature must have a uniform operation. (Const., art. I, sec. 11.) Section 5 of article XI of the constitution is mandatory upon the legislature. (*People* v. *Johnson,* 95 Cal. 471; *County of Orange* v. *Harris,* 97 Cal. 602; *Smith* v. *Strother,* 68 Cal. 196.) The act is void because it is possible for many of the officers to receive greater compensation than they could have received under the acts in force at the time of their election. (*Dougherty* v. *Austin, supra.*) If the act is void in part, the whole of it is void. (*People* v. *McNulty,* 93 Cal. 427; *County of Orange* v *Harris, supra.*) The court cannot say that the legislature would have passed the provisions of the act delegating to the district attorney and board of supervisors the power to say for what services, in criminal cases, constables or justices of the peace shall be compensated, with the check it thought it was placing upon the matter of fees in criminal cases left out. (*San Francisco* v. *Spring Valley Water Works,* 48 Cal. 494; *People* v. *Parks,*

CXV. CAL.—35

58 Cal. 654; *French* v. *Teschemaker*, 24 Cal. 545; *Evansville* v. *State*, 118 Ind. 426.)

*B. A. Herrington*, and *H. L. Partridge*, for Respondent.

The courts cannot interfere with the legislative judgment on the question of fact as to which is the most advisable scheme of fixing compensation in proportion to duties. (Const. art XI, sec. 5; *Longan* v. *Solano County*, 65 Cal. 125; *Dougherty* v. *Austin*, 94 Cal. 601; *Green* v. *County of Fresno*, 95 Cal. 332.) There is no authority for appellant's contention that the word "may" in section 5 of article XI of the constitution is used in the sense of "must." (*Longan* v. *Solano County, supra; Dougherty* v. *Austin, supra.*) If the clauses limiting the fees that justices of the peace and constables may earn, are void, still those provisions may be stricken out and leave a valid, legal act of the legislature complete in itself. (*Robinson* v. *Bidwell*, 22 Cal. 379; *French* v. *Teschemaker*, 24 Cal. 518; *People* v. *McCreery*, 34 Cal. 457; *Rood* v. *McCargar*, 49 Cal. 117; Cooley's Constitutional Limitations, 3d ed., 195.) The fact that the provisions relative to the district attorney's supervisory powers over the fees and bills of justices of the peace and constables are void, does not affect the validity of the act as a whole. (Cooley's Constitutional Limitations, 3d ed., 196, 197; Sedgwick's Statutory and Constitutional Law, 39, 40, 41.)

HENSHAW J.—This action is in mandate. Plaintiff seeks to compel defendant, auditor of Santa Clara county, to draw his warrant upon the county treasurer in favor of plaintiff in the sum of one hundred and forty-one dollars for fees as justice of the peace, to which it is alleged plaintiff is legally entitled. By stipulation the parties agreed upon all matters of fact, and here present, as their controversy, the single legal question of the constitutionality or unconstitutionality of an act of the legislature entitled "an act to establish the

fees of county, and township, and other officers, and of jurors and witnesses, within this state." (Stats. 1895, p. 268.)

This act of 1895 proceeded under the constitutional mandate to declare the fees which the various county and township officers throughout the state shall charge and collect for the performance of official duties, but, as to justices of the peace and constables, it attempted to do something more than this. It not only established the fees which justices of the peace might charge and collect, but it limited the amount of the fees collected which they were allowed to retain, by providing as follows: " Justices of the peace may, for their own use, collect the following fees and no others: . . . . For all services in a criminal action or proceeding, whether on examination or trial, three dollars; provided, however, that no more than the sum of seventy-five dollars in any one month shall be allowed out of the county treasury in misdemeanor cases to any one justice." (Stats. 1895, p. 272.) The act likewise provided: " That the board of supervisors may reject all bills presented to the county by justices of the peace and constables for fees in criminal cases in all cases or proceedings in which the district attorney has not, in writing, approved the issuance of the warrant of arrest." There is also a proviso applying to constables, " that no mileage shall be charged for a warrant of arrest or criminal process served outside of his township, except such service be approved in writing by the district attorney."

It is claimed by counsel for appellant that each of these provisions is unconstitutional; that they are inseparable parts of the whole act, which must therefore itself be declared invalid. While certain of these provisions have plainly no reference to justices of the peace, or to their fees, yet as the case of *Haley* v. *Parker*, S. F. No. 344, which involves the question of the legality of this act, and of its provisions regarding constables, has been submitted with the case now under review, under stipulation that the determination of one shall

govern the other, the terms and provisions of the act of 1895 may all be considered in this opinion.

In 1893 the legislature passed the so-called County Government Act, and by and in that act, as the constitution commands (Const., art. XI, sec. 5), classified counties by population, and under that classification regulated the compensation of all county and township officers in proportion to their duties. As to justices of the peace in counties of the fourth class, to which Santa Clara county belongs, it provided that justices of the peace should have "such fees as are now or may hereafter be allowed by law; provided that no justice of the peace shall be paid more than two thousand dollars in any one year for services in criminal cases; provided further, that he shall retain for his own use and benefit all fees collected by him in civil cases. All other fees collected by such justice of the peace, after deducting the civil fees, and the amount hereby allowed for his own services, shall be paid over to the county treasurer of said county." And as to constables, " that they should have such fees as are now or may hereafter be allowed by law."

It is thus apparent that the County Government Act of 1893, and the act of 1895 to establish the fees of county and township officers, both undertake to fix the compensation of justices of the peace and of constables, and that there is a conflict between their provisions in this regard.

The constitution has provided that the legislature shall regulate the compensation of all county and township officers in proportion to the duties which they perform, " and for this purpose may classify the counties by population." (Const., art. XI, sec. 5.) When this language is considered with that of article I, section 22, of the same instrument, which declares that " the provisions of this constitution are mandatory and prohibitory, unless *by express words* they are declared to be otherwise," the conviction is irresistible that the constitution has prescribed a single mode which must be

adopted and followed in fixing the compensation of officers, and that mode is to adjust the compensation in accordance with their respective duties under a classification of counties by population made for this purpose. To hold that the provision concerning classification of counties is permissive merely, would be to deny to section 22 of article I its plain effect in a case calling for its application, and would likewise be to give to the language itself no possible force or efficacy. It was not necessary to confer upon the legislature this power to classify, by way of permission. The legislature would have had that power in any event, unless it had been expressly withheld; and the conclusion, therefore, may not be escaped that the mode designated by the constitution is mandatory, and is the one and only method contemplated by the constitution for fixing the compensation of the officers therein mentioned. The framers of the constitution demanded the classification of counties by population for the purpose of regulating the compensation of the officers thereof. After the making of such classification the compensation can be adjusted by a reference to one or more of such classes, as the varying exigencies of the occasion may require.

The legislature is forbidden to pass any local or special law affecting the fees or salary of any officer. (Const., art. IV, sec. 29.) By the act of 1895 the legislature, mindful of this constitutional provision, passed a general law applicable to all county and township officers, declaring the amount of fees which they were entitled to charge and collect from the citizen for the performance of the specified duty; but in the instances above mentioned it attempted to go further than this, and to fix or to regulate the compensation of certain officers, without reference to the classes and to the classification made in the County Government Act of 1893. This it was beyond the power of the legislature to do, and the provisions of the act which undertake to accomplish this result are illegal and invalid.

But it does not necessarily follow from this that the

whole act is void. If the court can see and say that the act, in the form in which it is left with the obnoxious portions excised, is still such an act as it may be presumed that the legislature would have passed had it known that certain provisions were void, the remainder, under well-settled rules of statutory construction, may stand. With the act under consideration no difficulty is experienced in saying that after eliminating the objectionable provisions fixing compensation, as being in conflict with the constitution and the County Government Act of 1893, there still remains a full and complete fee bill, establishing the fees which all county and township officers are entitled to charge and collect. It would follow therefrom, in accordance with the harmonious plan indicated by the constitution, that the compensation of the officers in question is regulated by the act of 1893. So far as that compensation is governed by the fees which they may retain, that also is embraced within the act of 1893. So far as that compensation is dependent upon the fees which may be charged and collected, those fees are fully provided for and established by the act of 1895.

It is admitted by all parties to the controversy that the provisions, relative to the supervisory powers of the district attorney over the fees and bills of the justices and constables, are obnoxious to the constitution and void. (Const., art. I, sec. 11; *Dougherty* v. *Austin,* 94 Cal. 601; *County of Orange* v. *Harris,* 97 Cal. 602; *Smith* v. *Strother,* 68 Cal. 196.) But, without discussion upon that matter, it is also quite apparent that these provisions are for the regulation of the compensation of officers, and, therefore, are open to the same objection above considered. Moreover, as the law now stands, it is made the duty of the justice of the peace to issue a warrant upon any legal criminal complaint, and it is likewise made the duty of the constable promptly to serve such warrant. If it is the design of the legislature to give to the district attorney the control of criminal prosecutions and procedure which is indicated by the

provisions of this act, a slight examination of the laws suggests the propriety, if not the necessity, of a general remodeling of them in these particulars, to make the changes harmonious. So drastic a departure should scarcely find its sole expression in a provisional clause of a fee bill. The appellant's claim for one hundred and forty-one dollars rests upon the contention that his compensation is regulated by the County Government Act, and this contention, as has been seen, is sound.

The judgment must, therefore, be reversed and the cause remanded, with directions to the trial court to enter judgment for appellant as prayed for.

Ordered accordingly.

HARRISON, J., VAN FLEET, J., McFARLAND, J., and TEMPLE, J., concurred.