## WESTERFIELD v. RIVERSIDE COUNTY.

### L. A. No. 324; November 9, 1897.

#### 50 Pac. 929.

**Constitutional Law—Compensation of Justices and Constables.**
Act of March 28, 1895 (Stats. 1895, p. 267), "to establish the fees of county, township and other officers," etc., in so far as it attempts to give the district attorney a supervisory control over fees of justices and constables in criminal cases, by providing that the boards of supervisors may reject all their bids in criminal cases in which he has not, in writing, approved the issuance of the warrant of arrest, conflicts with constitution, article 1, section 11, requiring all laws of a general nature to have a uniform operation. It is also in conflict with constitution, article 11, section 5, providing that the legislature shall regulate the compensation of county and township officers in proportion to the duties they perform.

APPEAL from Superior Court, Riverside County; J. S. Noyes, Judge.

Action by Jacob S. Westerfield against the county of Riverside. From a judgment in favor of plaintiff, defendant appeals on the judgment-roll. Affirmed.

L. Gill, district attorney, for appellant; Collier & Evans, Harvey Potter and Wilfred M. Pack for respondent.

BELCHER, C.—This action was brought to recover certain sums of money alleged to be due and owing from the defendant to the plaintiff for services rendered in criminal cases by himself and others, as constables and justices of the peace, the claims of the others having been duly assigned to him. It appears that a claim for each of the sums sought to be recovered had been regularly and in proper form presented to the board of supervisors of the county for allowance, and had been passed upon and rejected by the board for the sole reason that the district attorney had not, in writing, approved the issuance of the warrants of arrest referred to in the claim, and under which the services were rendered. The case was tried by the court without a jury, and judgment rendered in favor of the plaintiff, from which the defendant appeals on the judgment-roll.

In 1895 an act was passed by the legislature, entitled "An act to establish the fees of county, township and other officers, and of jurors and witnesses in this state": Stats. 1895, p. 267. The act established the fees which justices of the peace and constables might collect in civil and criminal cases, and provided "that the board of supervisors may reject all bills presented to the county by justices of the peace and constables for fees in criminal cases in all cases of proceedings in which the district attorney has not, in writing, approved the issuance of the warrant of arrest": Page 271. Counsel for respondent contend that the above-quoted provision of the act is unconstitutional and void, and counsel for appellant admit that whether it is so or not is the only question involved in the case. We think this question has been, in effect, settled by the decision in the case of Dwyer v. Parker, 115 Cal. 544, 47 Pac. 372, where, as stated in the syllabus, it was held that "that portion of the fee act of 1895 which gives the district attorney a supervisory control over fees of justices and constables in criminal cases is void, as being in conflict with section 11 of article 1 of the constitution, providing that 'all laws of a general nature shall have a uniform operation,' as well as in improperly regulating the compensation of officers, in violation of section 5 of article 11." This being so, it is unnecessary to review and discuss the points made by counsel. Upon the authority of the case cited, we advise that the judgment be affirmed.

We concur: Searls, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is affirmed.