[S. F. No. 1199.   Department One.—March 28, 1900.]

BENJAMIN K. KNIGHT, Appellant, v. ED. MARTIN, Auditor of Santa Cruz County, Respondent.

COUNTY GOVERNMENT ACT—COMPENSATION OF ASSISTANT DISTRICT ATTORNEY—CONSTITUTIONAL LAW—CLASSIFICATION OF COUNTIES.—Subdivision 36 of section 25 of the County Government Act, conferring power upon the supervisors to authorize the district attorney to appoint an assistant, who shall receive a compensation of fifteen hundred dollars per annum, to be paid out of the county treasury, is unconstitutional and void, as being in violation of the mandatory provisions of section 5 of article XI of the constitution, which requires the compensation of all county and township officers to be adjusted in accordance with their respective duties, under a classification of counties by population made for that purpose.

APPEAL from a judgment of the Superior Court of Santa Cruz County.   M. T. Dooling, Acting Judge.

The facts are stated in the opinion of the court.

Charles W. Cassin, and Garret W. McEnerney, for Appellant.

Joseph H. Skirm, for Respondent.

VAN DYKE, J.—This is *mandamus* on the part of the plaintiff to compel the defendant, county auditor of Santa Cruz county, to issue and deliver to him a warrant for the sum of one hundred and twenty-five dollars, the amount claimed as his salary as assistant district attorney of that county for the month of January, 1897. The court below gave judgment for the defendant, and discharged the alternative writ. The plaintiff appeals from said judgment on the judgment-roll. There was an issue of fact raised in reference to the order of the board of supervisors and the appointment thereunder, but the court finds in favor of the plaintiff on such issue. The appointment was made under subdivision 36 of section 25 of the County Government Act of 1893. Section 25 of the County Government Act enumerates the several powers conferred upon the boards of supervisors of the several counties in the state. Subdivision 36 of said section reads as follows: "To authorize the district attorney to appoint an assistant district attorney, which office is hereby created, who shall receive as compensation for his services the sum of fifteen hundred dollars per annum, to be paid out of the county treasury in equal monthly installments, in the same manner and at the same time other county officials are paid, unless otherwise in this act provided." The district attorney of Santa Cruz county was elected at the general election in November, 1894, and entered upon the duties of the office in January, 1895. The order of the board of supervisors authorizing the district attorney to appoint an assistant district attorney was passed December 8, 1896. By section 61 of the County Government Act of 1893, county and township officers, except supervisors or judicial officers, are authorized to appoint as many deputies as may be necessary for the prompt and faithful discharge of the duties of their respective offices. By section 62 of the same act, whenever the official name of any principal officer is used, in conferring power or imposing duties or liabilities, it includes deputies. It is not questioned that an assistant district attorney is a deputy district attorney. At the time in question the county of Santa Cruz belonged to the fourteenth class in the classification of counties for purposes of compensation of officers under the direction of the constitution, and the salary of the district attorney of such county

was fixed at two thousand dollars per annum. By section 216 of the County Government Act of 1893 it is declared: "The salaries and fees provided in this act shall be in full compensation for all services of every kind and description rendered by the officers therein named, either as officers or *ex officio* officers, their deputies and assistants, unless in this act otherwise provided; and all deputies employed shall be paid by their principals out of the salaries hereinbefore provided, unless in this act otherwise provided."

Many points are presented on behalf of the respondent in support of his position in refusing to issue the warrant demanded by the plaintiff; but under the view we take of the case it is necessary to consider but one, and that is that subdivision 36 of section 25 of the County Government Act of 1893 is unconstitutional and void, for we think his contention in this respect must be sustained. It will be observed that the provision under which the appellant was appointed is embraced in the powers and duties conferred upon the boards of supervisors of the various counties of the state, and assumes to fix the compensation of such officer at the sum of fifteen hundred dollars per annum generally throughout the state, without regard to any classification of the counties for such purpose, as required by section 5 of article XI of the constitution.

In *Dwyer v. Parker*, 115 Cal. 544, this court in Bank had occasion to construe this section of the constitution in reference to this point. That was *mandamus* to compel the auditor of Santa Clara county to draw his warrant upon the county treasurer of that county in favor of the plaintiff for the sum of one hundred and forty-one dollars for fees as justice of the peace, under the act of 1895. As the court there says, the constitution has provided that the legislature shall regulate the compensation of all county and township officers in proportion to the duties which they perform, and for this purpose the legislature may classify the counties by population. "When this language is considered with that of article I, section 22, of the same instrument, which declares that 'the provisions of this constitution are mandatory and prohibitory, unless by express words they are declared to be otherwise,' the conviction is irresistible that the constitution has prescribed a single mode which

must be adopted and followed in fixing the compensation of officers, and that mode is to adjust the compensation in accord-, ance with their respective duties under a classification of coun-. ties by population made for this purpose. To hold that the provision concerning classification of counties is permissive merely would be to deny to section 22 of article I its plain effect in a case calling for its application, and would likewise be to give to the language itself no possible force or efficacy. It was not necessary to confer upon the legislature this power to classify, by way of permission. The legislature would have had that power in any event, unless it had been expressly withheld; and the conclusion, therefore, may not be escaped that the mode designated by the constitution is mandatory, and is the one and only method contemplated by the constitution for fixing the compensation of the officers therein mentioned. The framers of the constitution demanded the classification of counties by population for the purpose of regulating the compensation of the officers thereof. After the making of such classification the compensation can be adjusted by reference to one or more of such classes, as the varying exigencies of the occasion may require." Continuing, the court says that by the act of 1895 the legislature passed a general law in reference to county and township officers, "but in the instances above mentioned it attempted to go further than this and to fix or to regulate the compensation of certain officers without reference to the classes and to the classification made in the County Government Act of 1893. This it was beyond the power of the legislature to do, and the provisions of the act which undertake to accomplish this result are illegal and invalid."

*Tulare County v. May,* 118 Cal. 303, relied upon by the appellant, is not inconsistent with the doctrine laid down in *Dwyer v. Parker, supra.* That case involved the constitutionality of certain provisions of the County Government Act of 1893, relating to the appointment and salaries of various deputy officers in counties of the eleventh class, in which Tulare county was placed by said act of 1893. By the one hundred and seventy-third section of that act it is provided that "in counties of the eleventh class the county officers shall receive as compensation for the services required of them by law or by virtue of their

offices, the following salaries, to wit" (specifying the salaries for the several officers and deputies under such class). It was not, therefore, as in the case under consideration, an attempt to fix salaries of county officers throughout the state without regard to classification. On the contrary, it was fixing salaries for a particular class, and in pursuance of the classification required by the provisions of the constitution in question.

The opinion in *Dwyer v. Parker, supra,* was filed January 5, 1897. Subsequently thereto, at the session of the legislature of that year, an act was passed to establish a uniform system of county and township governments, approved April 1, 1897, taking the place of and superseding the act of 1893, with certain saving clauses in reference to officers elected under the act superseded. (Stats. 1897, pp. 452-574.) In the act of 1897 the provision contained in subdivision 36 of section 25 of the act of 1893, under which the plaintiff was appointed and claims his salary, was entirely omitted. The compensation of county officers and their deputies is based upon classification, as required by the constitution. Further, by the act of 1897 the county of Santa Cruz is transferred from the fourteenth to the fifteenth class and the salary of the district attorney is fixed at eighteen hundred dollars per annum. It is provided also that the compensation allowed each officer enumerated in such class "shall be in full for all services, and shall include the pay for all deputies and copyists that may be needed in their respective offices whenever the same are allowed." (Act of 1897, sec. 172.) This legislation would seem to indicate that the construction placed upon section 5 of article XI of the constitution, in *Dwyer v. Parker, supra,* was generally recognized as being correct. At any rate, it stands the declared law of this state, and it follows that the judgment of the court below must be affirmed, and it is so ordered.

Harrison, J., and Garoutte, J., concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank.