[Sac. No. 784. Department One.—January 22, 1901.]

T. F. KIERNAN, Appellant, v. C. D. SWAN, Respondent.

COMPENSATION OF CONSTABLES—FEE LAW OF 1895—COUNTY GOVERNMENT ACT—CONSTITUTIONAL LAW.—The fee law of 1895 is unconstitutional and invalid in so far as it assumes to limit the amount of compensation in fees which constables of the thirty-fourth class are entitled to receive under the County Government Act of 1893, conferring upon them "such fees as are now or may be hereafter allowed by law," and also in so far as it assumes to give the district attorney supervisory control over fees in criminal cases; but it is nevertheless valid and binding in so far

as it fixes the fees to be paid to constables in civil and criminal cases.

ID.—CHANGE OF MEASURE OF COMPENSATION—POWER OF LEGISLATURE—CLASSIFICATION OF COUNTIES.—The legislature cannot change the measure of compensation of officers fixed by the County Government Act otherwise than by an amendment of it, preserving the standard fixed by the constitution of the classification of counties according to population for the purpose of fixing the compensation of officers.

APPEAL from a judgment of the Superior Court of Stanislaus County.   William O. Minor, Judge.

The facts are stated in the opinion.

L. W. Fulkerth, and C. A. Stonesifer, for Appellant.

J. M. Walthall, for Respondent.

HAYNES, C.—This is an agreed case submitted under section 1138 of the Code of Civil Procedure.   The defendant had judgment and the plaintiff appeals.

The plaintiff is a constable in Stanislaus county, and performed services as such in criminal cases, for which he is entitled to compensation; and the question is whether such compensation is fixed by the act of 1895, establishing fees of county, township, and other officers (Stats. 1895, p. 269), or whether he is entitled to compensation under the County Government Act of 1893.   (Stats. 1893, sec. 196, subd. 14, p. 481.)   The board of supervisors allowed his claim under said County Government Act, and the defendant, who is county auditor, declined to audit the demand, claiming that plaintiff's fees were fixed by said act of 1895.

The court below held that the constable was entitled to the fees in criminal cases provided in said act of 1895, "so far as such act regulates the fees to be collected for specific services, but not so far as such act limits the amount of fees to be collected in any one month," and gave judgment for the defendant.

A statement of the services rendered and the charges made therefor is made a part of the agreed case, and shows services rendered from May 4th to May 14th, inclusive, amounting to eleven dollars and thirty cents, all in cases of misdemeanor.

The demand for said services was made July 6th, and allowed by the board of supervisors July 11th.

The charges made by plaintiff for making arrests was two dollars, and for mileage in going to place of arrest thirty cents, and for returning with prisoner thirty cents per mile. The County Government Act of 1893, in counties of the thirty-fourth class, in fixing the compensation of officers, provides: "Constables, such fees as are now or may be hereafter allowed by law." (Stats. 1893, sec. 196, subd. 14, p. 481.)

The said act of 1895 (Stats. 1895, p. 271) fixes the fees of constables "for arresting prisoner and bringing him into court, one dollar," and "for each mile necessarily traveled within his county in executing a warrant of arrest, both in going and returning from place of arrest fifteen cents." Said act of 1895, however, provided that in criminal cases the constable shall not receive more than one hundred dollars in any month, and not more than one thousand dollars in any one year; and it further provided, "that the board of supervisors may reject all bills presented to the county by justices of the peace and constables for fees in criminal cases in all cases of proceedings in which the district attorney has not, in writing, approved the issuance of the warrant of arrest."

The County Government Act of 1893 fixed the compensation of constables in counties of the thirty-fourth class (of which Stanislaus was one), by giving them fees for the services rendered, i. e., all "the fees then or thereafter allowed by law," for all their services; while the act of 1895 gave them the fees therein fixed, provided such fees did not amount to more than a certain sum per month or per annum, thus limiting the fees they might appropriate to their own use, and thereby changing the "compensation" of the officer, which the constitution required should be fixed and was fixed by a classification of counties according to population.

It is not questioned that the provisions of the act of 1895 (commonly known as the fee bill), which limits the amount of fees a constable may retain, or which gives to the district attorney a supervisory power over the fees he may receive, in effect, change the compensation to which he is entitled under the County Government Act and are to that extent uncon-

stitutional and void. But it does not follow that those provisions of the act of 1895 which fix the amount that the citizen or the public shall pay for each item of service rendered by the officer are also invalid. The County Government Act of 1893, in fixing the compensation of constables in counties of the thirty-fourth class, determined that a just compensation to the officer was to give him the fees then or thereafter fixed by law for each item of service rendered—no more, no less. The legislature could not change that provision otherwise than by an amendment of it, since to do so would be to fix the compensation of the officer by some standard other than that fixed by the constitution, viz., the classification of the counties according to population.

But the provisions of the act of 1895 which violate the constitution may be eliminated from the act without affecting its provisions as to the fee which may be charged for each particular item of service. Such fee bill was contemplated by the County Government Act, and is essential not only to the ascertainment of the just compensation of the officer, but to the ascertainment of the just charge to be paid by the citizen or by the public from the county treasury. The attempted limitation of the gross amount of fees which the officer might take to his own use is a distinct matter, having no necessary connection with the proper charge for the particular items of service performed.

In view of the diversified provisions of the County Government Act made for the different classes of counties, what we have said must be understood to apply only to the case before us, or to cases depending upon similar provisions of said act of 1893, which do not fix the fee of the officer for each item of service otherwise than by reference to some other statute.

Our conclusion is directly sustained by *Dwyer v. Parker*, 115 Cal. 544, where it is said: "With the act under consideration no difficulty is experienced in saying that after eliminating the objectionable provisions fixing compensation, as being in conflict with the constitution and the County Government Act of 1893, there still remains a full and complete fee bill, establishing the fees which all county and township officers are entitled to charge and collect. It would follow therefrom, in accordance with the harmonious plan indicated by the constitution, that the

compensation of the officers in question is regulated by the act of 1893. So far as that compensation is governed by the fees which they may retain, that also is embraced within the act of 1893. So far as that compensation is dependent upon the fees which may be charged and collected, those fees are fully provided for and established by the act of 1895."

Both parties in the case at bar cite and rely upon *Dwyer v. Parker, supra.* The error of counsel for appellant results from want of attention to the facts of that case, which, however, were not stated fully in the abstracts of the briefs printed in the reports. The plaintiff in that case was a justice of the peace in Santa Clara county. The act of 1893 gave the justice "such fees as are now or may be hereafter allowed by law," but limited the amount he might retain in criminal cases in any one year to two thousand dollars. The act of 1895 allowed the justice for all services in a criminal action or proceeding three dollars, but not to exceed seventy-five dollars in any one month. In May, 1895, the justice disposed of forty-seven criminal cases for which he presented his bill for one hundred and forty-one dollars, being the amount allowed under the fee bill of 1895; but that act limited his compensation to a sum not exceeding seventy-five dollars per month. He therefore claimed that he was entitled to the fee fixed by the act of 1895, and the compensation which that fee would give him under the limitations of the act of 1893, and this court sustained that contention.

I advise that the judgment appealed from be affirmed.

Cooper, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

                    Garoutte, J., Van Dyke, J., Harrison, J.