[Sac. No. 903.    Department One.—February 20, 1902.]

## E. E. BURCE, Appellant, v. J. S. JACK, Auditor of Calaveras County, Respondent.

JUSTICE OF THE PEACE—FEES IN COUNTIES OF THIRTY-FIRST CLASS— COUNTY GOVERNMENT ACT—CALAVERAS COUNTY.—Calaveras County, which was a county of the thirty-eighth class under the County Government Act of 1893, became a county of the thirty-first class under the County Government Act of 1897, which provided for such fees of justices of the peace as were then or might thereafter be provided by law; and fees accruing to justices of the peace in Calaveras County in criminal cases, under the act of 1897, are not regulated by the act of 1893, but by the existing general fee law of 1895.

APPEAL from a judgment of the Superior Court of Calaveras County.    C. V. Gottschalk, Judge.

The facts are stated in the opinion.

F. J. Solinsky, for Appellant.

A. I. McSorley, for Respondent.

GRAY, C.—This appeal is from a judgment denying the petition of E. E. Burce for a writ of mandate to compel respondent, as auditor of Calaveras County, to audit and allow the petitioner's claim for compensation as a justice of the peace of said county.

The judgment is on a demurrer to the petition, and there is no dispute as to the facts. The petitioner presented his claim for services rendered in 1899 as justice of the peace, and it was allowed by the board of supervisors for seven dollars in each of four criminal cases, or an aggregate of twenty-eight dollars. This is the amount that he would be entitled to under the County Government Act of 1893, treating Calaveras County as a county of the thirty-eighth class, as provided by that act. (Stats. 1893, pp. 491-492.)

By the County Government Act of 1897, the population of Calaveras County is declared to be 14,175. (Stats. 1897, p. 454.) The same act places counties having a population of 14,000, and less than 14,400, in the thirty-first class. (Stats. 1897, p. 494.) Thus, by the statutes of 1897, Calaveras County is placed in the thirty-first class. The same act provides that

justices of the peace in the thirty-first class of counties shall receive "such fees as are now or which may be hereafter allowed by law." (Stats. 1897, p. 547.) It is plain that, the fees in question having accrued after the act of 1897 went into effect, they are the fees for counties of the thirty-first class, and can in no event be the fees prescribed for counties of the thirty-eighth class. If, then, the fees are to be measured by the County Government Act of 1893, it is clear that they must be the fees prescribed by that act for counties of the thirty-first class, to which Calaveras belongs, under the act of 1897. Under this construction, the fees would be but two dollars in each criminal case, or eight dollars in the aggregate. (Stats. 1893, pp. 472-473.) If the act of 1893 is not the "law" meant in the act of 1897, when it says "such fees as are now or which may be hereafter allowed by law," then it necessarily follows that the general act of 1895, intended to establish a uniform fee bill for counties of all classes, is the law governing the fee to be charged; and in this event the fee would be three dollars for all services in each criminal case. (Stats. 1895, p. 272.) As to the act last referred to, it has been held by this court that as to some of its features it is unconstitutional and void, but that, eliminating the unconstitutional parts, it still remains as a full and complete fee bill, and establishes what fees may be charged and collected by justices of the peace and by all county and township officers, at least whenever the compensation of such officer is not provided for as to each item of service by some County Government Act containing a classification of counties, and in conflict with said general act. (*Dwyer* v. *Parker,* 115 Cal. 544; *Kiernan* v. *Swan,* 131 Cal. 410.) As the act of 1897 referred to does not fix the fees by items, but by reference to the law then in force, it would seem, under the rule laid down in the cases cited, that the fees should be allowed in the amount provided in the act of 1895, or for three dollars in each criminal case. In no event can it be reasonably said that the fees should be fixed as prescribed in the act of 1893 for counties of the thirty-eighth class.

The judgment should be affirmed.

Haynes, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.          Harrison, J., Garoutte, J., Van Dyke, J.