[L. A. No. 1076.   Department One.—May 20, 1902.]

## CATESBY C. THOM, Appellant, v. COUNTY OF LOS ANGELES, Respondent.

COUNTY BOARDS OF EDUCATION—COMPENSATION—GENERAL PROVISION OF CODE—CONSTITUTIONAL LAW.—The provision of subdivision 3 of section 1770 of the Political Code, that ''the board of supervisors shall allow each member of the county board of education a compensation of five dollars a day for his services,'' is a general law of uniform operation, which applies to all classes of counties, and regulates the compensation in proportion to duties, and is not in conflict with section 5 of article XI of the constitution.

ID.—SYSTEM OF COMMON SCHOOLS.—The provision for the compensation of the members of the county boards of education is a part of the uniform system of common schools, provided for by the legislature under the mandates of the constitution.

APPEAL from a judgment of the Superior Court of Los Angeles County. D. K. Trask, Judge.

The facts are stated in the opinion.

Oscar Lawler, Earl Rogers, and Luther G. Brown, for Appellant.

Tirey L. Ford, Attorney-General, James C. Rives, District Attorney, and Curtis D. Wilbur, Chief Deputy, for Respondent.

COOPER, C.—This action was brought to recover for services performed by plaintiff's assignors as members of the board of education of defendant. A demurrer to the complaint was interposed and sustained upon the ground that the complaint does not state facts sufficient to constitute a cause of action. Plaintiff declined to amend, and judgment was entered for defendant. This appeal is from the judgment. In sustaining the demurrer the court held that the provision of the Political Code fixing the compensation to be paid members of the county boards of education is unconstitutional. The provision is: "The board of supervisors shall allow each member of the county board of education a compensation of five dollars a day for his services. . . ." (Pol. Code, sec. 1770, subd. 3.)

It was held in the court below that the above provision was in conflict with the provisions of section 5 of article XI of the constitution, which reads: "The legislature, by general and uniform laws, shall provide for the election or appointment, in the several counties, of boards of supervisors, sheriffs, county clerks, district attorneys, and such other county, township, and municipal officers as public convenience may require and shall prescribe their duties and fix their terms of office. It shall regulate the compensation of all such officers, in proportion to duties, and for this purpose may classify the counties by population." The section does not mention members of the county boards of education as county officers, neither are they made county officers by any express provision of law to which our attention has been called. It is, however, not deemed necessary in this case to decide the question as to whether or not they are county officers. Conceding, but not deciding, that they are, the law fixing their compensation is in proportion to their duties, and does not contravene the above-quoted provision of the constitution. The legislature may classify for the purpose of regulating the compensation in proportion to duties, but if it can regulate the compensation of any one officer or class of officers in proportion to duties, making the measure and mode of compensation applicable to all classes, we see no reason why it may not do so. We know of no case in which the contrary has been held. The members of the board are to be paid five dollars per day each for his services. In

a county where the services of the board would require only
five days' time in the year the members would receive only
twenty-five dollars per year each for services, but if in
another county ten days' time should be required the mem-
bers would each receive fifty dollars per year, and, in like
manner, the compensation being in each case in propor-
tion to the duties required of the members. County
boards of education have control of the examination of
teachers and granting of certificates. They have power to
revoke certificates, to prescribe a course of study and a uni-
form series of text-books, to adopt a list of books and
apparatus for district-school libraries. They have the control
and management of the county high schools, the employment
of teachers and janitors therefor, and the adoption of a
course of study and text-books therein. They are required
to provide for the promotion of pupils from year to year and
the conferring of diplomas in certain cases. They also have
many other incidental powers not necessary to be enumer-
ated. It is thus evident that the time occupied by the county
boards of education will vary much in different counties,
depending upon the number of pupils, of teachers, and of
high schools in the county. In each county they are paid
a uniform rate, in proportion to duties—the time occupied
in transacting the business required of them by law. It is
difficult to imagine a more just and equitable regulation of
compensation in proportion to duties. If the law had named
every classification of counties in the state, and provided
that in each class so named the members of the board should
receive five dollars per day for services rendered, could it be
claimed that the compensation was not in proportion to
duties? We can see no difference in the application of the
present section of the Political Code. It applies to all classes
of counties, and regulates the compensation in proportion to
duties.

In *Longan* v. *County of Solano*, 65 Cal. 125, the court said,
in speaking of the above provision of the constitution:
"Counsel argues this proposition as if the constitutional pro-
vision was that the legislature should regulate the compensa-
tion of the officers of the various counties, townships, etc.,
in accordance with its classification by population. But this
is not at all so. The requirement is, that the compensation shall

be regulated in proportion to *duties,* and *as a means* of doing that the legislature is authorized to classify the counties by population."

In *Dougherty* v. *Austin,* 94 Cal. 609, the chief justice, in speaking of the constitutional provision in question, said: "Indeed, it seems plain to me that the legislature might have satisfied this requirement of our organic law, without any classification of counties according to population, by the simple expedient of adopting a uniform fee bill, and allowing each county officer to retain for his compensation all the fees by him collected, not exceeding a certain amount, and a percentage computed according to a sliding scale, such as that used in determining the compensation of executors and administrators, upon all higher amounts collected. This is one example of a regulation by which a just correspondence between the duties and compensation of county officers might be maintained without trenching upon the apparent design of the last clause of section 5, requiring provision to be made for the strict accountability of county and township officers for all fees by them collected, and without the necessity of dividing the county into classes."

In *Kiernan* v. *Swan,* 131 Cal. 413, it was held that the County Government Act of 1893, fixing the compensation of constables in counties of a certain class by giving them "such fees as are now or may be hereafter allowed by law," was in effect a determination that such fees would be a just compensation in proportion to duties. Respondent relies upon *Dwyer* v. *Parker,* 115 Cal. 548, but that case is not in conflict with what we have said. It was there held that certain provisions of an act of 1895, in relation to fees of a justice of the peace, was in conflict with the County Government Act of 1893, fixing the compensation of a justice of the peace at "such fees as are now or may be hereafter allowed by law." In the opinion it is said: "After the making of such classification the compensation can be adjusted by a reference to one or more of such classes as the varying exigencies of the occasion may require."

In the present case the section fixing the compensation, being general in its terms, must be held to apply. It is not a special law, applying to one county only, with no regard to classification. It is a general law, providing for the pay-

ment of members of a board which is part of the machinery of the educational system of the state. It is uniform in its operation, and a part of the uniform system of common schools, provided for by the legislature under the mandates of the constitution.

It follows that the judgment should be reversed and the court below directed to overrule the demurrer.

Gray, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the court below directed to overrule the demurrer.   Van Dyke, J., Garoutte, J., Harrison, J.